UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 13-4320

----------------------------------------------------------------x

PHILLIP SEPULVEDA,

                    Plaintiff,

- against -

THE CITY OF NEW YORK; POLICE OFFICER
MICHAEL WALSH; AND POLICE OFFICERS "JOHN DOE"
1-10.

                    Defendants.

----------------------------------------------------------------x

NOTICE OF REMOVAL

Docket
12CV

ECF Case

JOHNSON

MANN, M.J.

      Defendant Police Officer Michael Walsh ("Walsh"), by his attorney, MICHAEL A. CARDOZO, Corporation Counsel of the City of New York, upon information and belief, respectively petitions this Court, pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441(a), and 1446(b) as follows:

      1.     On or about March 27, 2013, plaintiff PHILLIP SEPULVEDA ("plaintiff") commenced the above-captioned civil action which is currently pending in the Supreme Court of the State of New York, Kings County, under Index No. 501549/13, and of which a trial has not yet been had therein. A copy of the Summons and Complaint is annexed hereto as Exhibit A.

      2.     On April 1, 2013, defendant THE CITY OF NEW YORK ("the City") received personal service of a copy of plaintiff's summons and complaint, and, on April 16, 2013, an answer was duly interposed, a copy of which is annexed hereto as Exhibit B. On June 12, 2013, the City served a second answer to plaintiff's complaint, a copy of which is annexed hereto as Exhibit C.

3. On July 30, 2013, defendant Walsh served his answer to the plaintiff's complaint, a copy of which is annexed hereto as Exhibit D. Upon information and belief, defendant Walsh has yet to be formally served with the plaintiff's summons and complaint.

4. The complaint alleges that on October 31, 2012 at 11:58 p.m., while plaintiff was lawfully within the vicinity of 3405 33rd Street, Brooklyn, NY, he was stopped without probable cause or reasonable suspicion to believe that he had committed a crime by defendant Walsh and other police officers from the New York City Police Department. See ¶¶ 15, 16 of Exhibit A.

5. Defendant Walsh and other police officers allegedly seized the plaintiff, assaulted and battered him, using excessive force to transport plaintiff to the vicinity of Key Foods, a grocery store located at 3485 Neptune Avenue, Brooklyn, NY. See ¶¶ 17 of Exhibit A.

6. Pursuant to an alleged conspiracy involving New York City Police Department officers including defendant Walsh, plaintiff was arrested without probable cause, then arraigned and incarcerated for approximately nine (9) days until all pending charges were dismissed. See ¶¶ 19-25, 42 of Exhibit A.

7. As a result of the excessive force, false arrest and malicious prosecution by New York City Police Department officers including defendant Walsh, plaintiff is alleging deprivation of his civil and constitutional rights as guaranteed under 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. See ¶¶ 39, 40, 42, 43, 50, 51, 53 of Exhibit A.

8. Although plaintiff has been repeatedly requested to sign a stipulation of discontinuance with prejudice regarding all of his federal claims, upon information an belief, he has failed do so, instead merely providing the undersigned with an altered and ambiguous copy

of the provided stipulation which, upon further information and belief, has not been filed in Kings County Supreme Court. A copy of the stipulation is annexed hereto as Exhibit E.

9. Accordingly, this is an action over which the District Courts of the United States retain original jurisdiction under 28 U.S.C. §§ 1331, 1441. See, Bill Wolf Petroleum Corp. v. Port Wash. North, 489 F. Supp. 2d 203, 206 (E.D.N.Y. 2007).

10. Furthermore, since the state law claims within Plaintiff's complaint arise out of a common nucleus of operative facts, namely, the allegedly condoned police conduct involved during plaintiff's alleged false arrest and malicious prosecution, both state and federal claims form part of the same case or controversy under Article III of the United States Constitution, and this Court's exercise of supplemental jurisdiction is appropriate. 28 U.S.C. § 1367(a). See also, Rosario v. Amalgamated Ladies' Garment Cutters' Union, 605 F.2d 1228, 1247 (2d Cir. 1979).

11. This Notice of Removal is timely filed, as, upon information and belief, Defendant Walsh has not yet been served with Complaint, and therefore his thirty (30) day time limit from service has yet to begin running pursuant to 28 U.S.C. § 1446(b). See, Lothian Cassidy LLC v. Ransom, 428 B.R. 555, 558-560 (E.D.N.Y. 2010); Ingenito v. Riri USA, Inc., 2011 U.S. Dist. LEXIS 108082 (E.D.N.Y. Aug. 9, 2011). See also, Pietrangelo v. Alvas Corp., 686 F.3d 62, 65 (2d Cir. 2012).

12. 28 U.S.C. § 1446(b)(2)(A) further provides that, where there are multiple defendants, all named defendants over whom the state court acquired jurisdiction must join in the removal petition for removal to be proper, see, Park v. McGowan, 2011 U.S. Dist. LEXIS 121128 (E.D.N.Y. 2011), although separate consents are not required for those defendants who are represented by the same attorney. See, Bill Wolf Petroleum Corp. v. Port Wash. North, 489 F. Supp. 2d 203, 212 (E.D.N.Y. 2007).

13. In the instant matter, since both defendants the City and Walsh are represented by the New York City Law Department, by the filing of the within Notice of Removal, defendant the City has expressly provided its consent through counsel for defendant Walsh to remove this action to the United States District Court of the Eastern District of New York.

14. Attached to this Notice, and by reference made a part hereof, are true and correct copies of all known pleadings filed herein. See Exhibits A-D.

15. Lastly, as named defendant "JOHN DOE" police officer defendants have not been identified, much less served, and, as such, need not consent to the removal of this action. See, 28 U.S.C. § 1446(b) (the non-joining defendants have not been served with service of process at the time the removal petition is filed).

**WHEREFORE**, defendant Walsh respectfully requests that the instant action now pending before Supreme Court of the State of New York, Kings County, be removed to the United States District Court of the Eastern District of New York, and for such other and further relief as this Court deems proper and just.

Dated: New York, New York
July 30, 2013

        MICHAEL A. CARDOZO,
        Corporation Counsel of the City of New York
        Attorney for the City of New York and Police
        Officer Michael Walsh
        100 Church Street
        New York, NY 10007
        (212) 356-3157
        ewest@law.nyc.gov

By: _____
        ERIC H. WEST (EW3000)
        Special Assistant Corporation Counsel

TO:    ROBERT MARINELLI, ESQ.
Attorney for the Plaintiff
299 Broadway, Suite 1501
New York, New York 10007
phone: 212-822-1427
fax: 212-202-9646