

| | | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | NICHOLAS MELISSINOS<br>Assistant Corporation Counsel<br>nmelissi@law.nyc.gov<br>(212) 356-2335<br>(212) 356-2034 |

December 13, 2013

**BY ECF**
Douglas C. Palmer, Esq.
Clerk of the Court
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>Phillip Sepulveda v. City of New York, *et al.*</u>, 13 CV 4320 (SJ) (RLM),
                <u>Justin Diaz v. City of New York, *et al*.</u>, 13 CV 6377 (PKC) (LB), and
                <u>Patrick Torres, *et al* v. City of New York, *et al.*</u>, 13 CV 6526 (WFK) (CLP)

Dear Mr. Palmer:

          I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney for defendant City of New York in the above matters. Pursuant to Rule 50.3.1 (d) of the Guidelines for the Division of Business Among District Judges, defendant writes to respectfully request that it be determined that the *Sepulveda*, *Diaz*, and *Torres* matters are related. Defendant further requests that the *Diaz* and *Torres* matters be transferred to Judges Johnson and Mann in order for defendant to move forward with the consolidation of these cases.

          The plaintiffs in all three actions are represented by the same counsel, Robert Marinelli, Esq. Both the factual and legal allegations asserted in the complaints are virtually identical for all three matters. This office has consulted with plaintiffs' counsel and plaintiffs' counsel does not consent to have these cases marked as related.

          The three pending matters have the same factual and legal issues, which satisfies paragraph (a) of Rule 50.3.1 of the Guidelines for the Division of Business Among District Judges. The related actions stem from the same October 31, 2012 incident which resulted in the arrests of the plaintiffs for allegedly burglarizing a Key Foods Supermarket in the Coney Island section of Brooklyn following Hurricane Sandy. The plaintiffs were amongst several individuals who were observed running from the Key Foods Supermarket and charged with burglary. Upon information and belief, plaintiff Sepulveda was also found in possession of marijuana when he

- 2 -

was arrested.  Moreover, the same officers were involved in all of the arrests.   As such, having these matters marked as related is warranted because the three matters share the same factual issues.

Further, the complaints for all three matters are virtually identical and contain all of the same federal and state claims.  Plaintiffs in all three cases are alleging that they were falsely arrested and maliciously prosecuted in connection with their October 31, 2012 arrests.  Plaintiffs also allege a claim for municipal liability against the City of New York.  As such, referring the this matter to Judges Johnson and Mann would save judicial resources. *See* Rule 50.3.1, Guidelines for the Division of Business Among District Judges.  Accordingly, we respectfully request that it be determined that these three matters are related and that the *Diaz* and *Torres* matters be transferred to Judges Johnson and Mann in order for the defendant to move forward with the consolidation of these three cases.

Thank you for your consideration herein.

Respectfully submitted,

_____s/_____
Nicholas Melissinos

cc:   BY ECF

Robert Marinelli, Esq.
*Attorney for Plaintiffs*

Honorable Sterling Johnson, Jr.
United States District Judge

Honorable Pamela K. Chen
United States District Judge

Honorable William F. Kuntz, II
United States District Judge

Honorable Roanne L. Mann
United States Magistrate Judge

Honorable Lois Bloom
United States Magistrate Judge

Honorable Cheryl L. Pollak
United States Magistrate Judge